IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWAME JOHN BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:23-CV-2895-DMC<br><br><br>ORDER |

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Judgment was entered on July 11, 2024, and this case is closed. See ECF No. 20. Pending before the Court in this closed case is Plaintiff's counsel's motion for attorney's fees under the Equal Access to Justice Act (EAJA). See ECF No. 18. The motion is unopposed. Counsel seeks fees in the amount of $6,741.21, payable directly to counsel. See id. at 1.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. STANDARDS FOR EAJA MOTION

Because this Court issued decision in Plaintiff's favor ordering a remand, Plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced. See id.

Finally, in most cases fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

## II. DISCUSSION

In this case, Plaintiff's counsel's motion has not been opposed by the Commissioner. Therefore, the Commissioner has not met his burden of showing that the government's position in this case was substantially justified. The Court thus finds that the government's position was not substantially justified and will focus the remainder of this order on the reasonableness of the fees requested.

Plaintiff's counsel's timesheets have been submitted and show a total of 26.3 hours of attorney work billed in 2023 and 2024 at the rate of $244.62 per hour. See ECF Nos 21-2 and 21-3. Counsel also seeks compensation for 5.3 hours of paralegal work at a rate of $125.00 per hour. See ECF Nos. 21-2 and 21-4. However, parties agreed to settle the motion at a reduced rate and thus, the total requested is $6,741.21. See ECF No. 21-1, pg. 2. The Court finds the hourly rates to be reasonable and consistent with Ninth Circuit guidelines. See Ninth Circuit Rule

39-1.6; see also 28 U.S.C. § 2412(d)(2)(A) (setting hourly rate indexed to inflation), Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005).

For review of the administrative record, counsel's timesheet reflects that counsel spent a total of 7.2 hours to complete this task. See ECF Nos. 21-2 and 21-3. The record in this case is 656 pages. See ECF No. 6. At a good clip of 1.5 pages per minute, review of this record would take approximately 7 hours. Counsel accomplished the task in within the expected time and the Court finds the time billed for record review to be reasonable.

Counsel's timesheets also reflect that counsel spent 16.4 hours preparing briefing in this case. See ECF Nos. 21-2 and 21-3. The Court finds this time is also reasonable for preparation of the opening brief arguing two issues.

Finally, the Court has reviewed Plaintiff's counsel's timesheets in detail and finds no inappropriate billing methods, such as block billing, or inappropriate charges, such as charges for clerical work.

### III. CONCLUSION

Plaintiff's counsel has requested that any EAJA award be paid direct to him and not to Plaintiff. Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government may offset the payment with the plaintiff's debt. See Astrue v. Ratliff, 560 U.S. 586, 598 (2010). Since the decision in Ratliff, many courts in this district have authorized payment of fees under the EAJA directly to the plaintiff's counsel. See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011). These payments directly to counsel are based upon the government's discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act. See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015). This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015). Plaintiff's counsel furnished his agreement with Plaintiff providing he would be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by Plaintiff. See ECF No. 18-5. As the government has not

challenged this assignment, it may still offset any of Plaintiff's debt, and may discretionally reject the assignment, EAJA fees will be made payable to counsel.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's unopposed motion for an award of fees under the EAJA, ECF No. 21, is GRANTED in full.

2. Plaintiff is awarded $6,741.21 in fees, payable to Plaintiff's counsel subject to any offset of debts.

Dated: May 16, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE